RECEIVED

MAR 1 9 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

RAFAEL ALBERTO LLOVERA LINARES       DOCKET NO. 13-cv-3289; SEC. P
A 097-960-199

VERSUS                               JUDGE DEE D. DRELL

SHERIFF'S OFFICE BROWARD COUNTY      MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court is a "Motion for Preliminary Injunction Requesting U-Visa Certification" filed by Petitioner Rafael Alberto Llovera Linares. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is being detained at the Lasalle Correctional Center in Trout, Louisiana. Petitioner seeks injunctive relief in the form of a certification by this Court that he has suffered physical or mental abuse and has been or will likely be helpful to law enforcement authorities in investigating and prosecuting criminal activity.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the Motion be **DENIED** and the case **DISMISSED**.

### Factual Background

Linares is a native and citizen of Venezuela who entered the United States in 1995 as a visitor, with authorization to remain

for no more than six (6) months.  Linares v. Department of Homeland Sec., 2014 WL 644382 (N.D.Ala.).  In 2005, Linares was encountered in the United States and Immigration and Customs Enforcement ("ICE") issued a Notice to Appear.  Id.  On June 21, 2007, Linares was convicted by the Circuit Court for Broward County, Florida, for high speed fleeing and eluding.  Id.

On August 16, 2010, Linares was arrested and detained by the Department of Homeland Security, before being charged as an aggravated felon subject to removal under 8 U.S.C. §1227(a)(2)(iii).  Id.  On May 9, 2011, an Immigration Judge in Miami, Florida, ordered Linares to be removed to Venezuela. Linares appealed to the Board of Immigration Appeals, which dismissed the appeal on September 15, 2011.  Thus, the removal order became administratively final on September 15, 2011. Linares has remained in ICE custody since that time.  Id.

Linares has filed a petition for writ of habeas corpus in this district court, which has been transferred to the Fifth Circuit Court of Appeals pursuant to the Real ID Act.  [Linares v. Dept. of Homeland Security, 1:13-cv-3297, Doc. #10]  In the motion/petition now before the Court, he seeks certification by the Court for his pending U-Visa application.

## Law and Analysis

A "U-visa" is a non-immigrant visa created for crime victims who have suffered physical or mental abuse and have been or will

likely be helpful to law enforcement authorities in investigating and prosecuting criminal activity. INA § 101(13)(U), 8 U.S.C. § 1101(13)(U). See Mosqueda-Masiel v. Holder, 348 Fed.Appx. 62, 64 n.1 (5th Cir. 2009).  In order to obtain a U-Visa, an alien who was the victim of an enumerated crime must obtain a "certification" from law enforcement officials confirming that he was helpful to the investigation or prosecution of the crime. 8 U.S .C.A. § 1184(p)(1); Ordonez Orosco v. Napolitano, 598 F.3d 222, 224 (5th Cir. 2010), cert. den., --- U.S. ----, 131 S.Ct. 389 (2010). Jurisdiction over the grant or denial of a U-Visa to an alien rests with the United States Citizenship and Immigration Services (USCI), and any decision by the certifying official to sign or decline to sign the status certification is discretionary.   See 8 C.F.R. §§214.14(a)(12),(b),(c)(4); Bejarano v. Homeland Sec. Dept., 3000 Fed.Appx. 651, 653 (11th Cir. 2008).

In regulations implementing the U-Visa provision, the Department of Homeland Security (DHS) explained:

> "The purpose of the U nonimmigrant classification is to strengthen the ability of law enforcement agencies to investigate and prosecute such crimes as domestic violence, sexual assault, and trafficking in persons, while offering protection to alien crime victims in keeping with the humanitarian interests of the United States.
> . . . .
>
> "Alien victims may not have legal status and, therefore may be reluctant to help in the investigation or prosecution of criminal activity for fear of removal from the United States. In passing this legislation, Congress intended to strengthen the ability of law enforcement

agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes while offering protection to victims of such crimes. See BIWPA, sec. 1513(a)(2)(A). Congress also sought to encourage law enforcement officials to better serve immigrant crime victims. Id."

Eligibility for "U" Nonimmigrant Status (Interim Rule), 72 Fed.Reg. 53014-15 (Sept. 17, 2007); In re Certification Form for U Visa for Movant Nunez-Ramirez, 2013 WL 6273961 (S.D.Tex. 2013).

The petition for a U-Visa must include a law enforcement certification, in which the certifying official (who can be a federal judge) states that the alien has been, or is likely to be, helpful in investigating or prosecuting the criminal activity of which the alien was a victim. See 8 U.S.C. §1184(p)(1). The certifying official must state that "the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting." 8 C.F.R. §214.14(c)(2)(i). **In addition, where the certifying official is a judge, the certification must state that the judge "has responsibility for the ... conviction or sentencing" of the crime's perpetrators**. Id.(emphasis added).

Petitioner previously filed a similar motion and request for injunctive relief in the Northern District of Alabama. Linares v. Dept. of Homeland Sec., 2014 WL 644382 (N.D.Ala. 2014). As the district judge noted in that case,

"Even if the Officers' actions about which Linares complains are covered by the VTVPA, a judge in the

4

> Northern District of Alabama cannot act as a certifying official for Linares's U visa application for at least two reasons. First, the conduct alleged by Linares was perpetrated by Broward County Sheriff's Department officers in Florida. Jurisdiction for any of these claims lies in Florida. Accordingly, the undersigned cannot have 'responsibility for the ... conviction or sentencing' of Linares's alleged attackers. 8 C.F.R. § 214.14(c)(2)(I). Secondly, certification of a U visa application presupposes an active or soon-to-be active investigation or prosecution of the crime alleged by the victim. See 8 U.S.C. §§1184(p),1101(a)(15)(U). The conduct of which Linares complains occurred in 2005. He filed a civil lawsuit regarding that conduct in 2006 and the Eleventh Circuit affirmed the defense verdict in 2009. Under these circumstances, the undersigned cannot make the statements required of a certifying officer because there is no investigation or prosecution with which Linares can assist."

Id. at *4. The same reasoning applies in this case. According to Petitioner, the perpetrators of a crime against him were officers of the Broward County Sheriff's Department in Florida. This court does not have **"responsibility for the ... conviction or sentencing"** *of the crime's perpetrators,* which is required for a judge's certification for a U-Visa. Additionally, this Court cannot certify that Linares was "a victim of qualifying criminal activity *that the certifying official's agency is investigating or prosecuting.*" 8 C.F.R. §214.14(c)(2)(i) (emphasis added). Finally, this Court has no information or knowledge to certify that Petitioner "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of criminal activity described in 8 U.S.C.A. §1101(a)(15)(U)(iii). See 8 U.S.C.A. §1184(p)(1).

5

Moreover, Petitioner also previously filed Motions for U-Visa certification in the Northern District of Florida [4:13-cv-238, N.D.Fla.] and in the Eleventh Circuit Court of Appeals [#11-15108, 11th Cir.], both of which were denied.  The Eleventh Circuit denied the request on June 12, 2012, stating that, although a federal judge may sign a "U Nonimmigrant Status Certification" on behalf of an alien who has been or is likely to be helpful to an investigation or prosecution of a qualifying criminal activity, Linares failed to allege, and the record did not reveal, any such pending criminal investigation or prosecution of the police officers about whom Petitioner complained.  [#11-15108, 11th Cir., Order, 6/12/12]  Petitioner then filed a "Motion for Rehearing in the Emergency Motion for U-Visa Classification" in the Eleventh Circuit Court of Appeals, which was denied because Petitioner offered no new evidence or arguments of merit to warrant relief. [11-15108, 11th Cir. Order 07/20/2012]  Petitioner's requests have been addressed by a number of district courts, as well as an appellate court, over the span of several years, and all have been denied.

## Conclusion

For the foregoing reasons, and in accord with the Alabama and Florida district courts and the 11th Circuit Court of Appeals, **IT IS RECOMMENDED** that this Court **DENY** the certification requested by Petitioner, thereby **DISMISSING** Petitioner's motion for injunctive

relief in the form of a U-Visa certification.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___18___ day of March, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE